IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02921-PAB

CARRIE DESELMS,

    Plaintiff,

v.

TEVA PHARMACEUTICALS USA, INC.,
TEVA WOMEN'S HEALTH LLC f/k/a Teva Women's Health, Inc.,
DURAMED PHARMACEUTICALS, INC., a division of Barr Pharmaceuticals, Inc., d/b/a TEVA WOMEN'S HEALTH, INC.,
TEVA WOMEN'S HEALTH, INC., individually, and as successor in interest to Duramed Pharmaceuticals, Inc., a division of Barr Pharmaceuticals, Inc.,
TEVA WOMEN'S HEALTH, LLC, individual and as successor in interest to Teva, Women's Health, Inc.,
COOPERSURGICAL, INC., and
THE COOPER COMPANIES, INC.,

    Defendants.

## ORDER

    This matter is before the Court on defendants' Response to Order to Show Cause [Docket No. 29]. On September 29, 2020, Magistrate Judge Michael E. Hegarty issued an order to show cause regarding plaintiff's citizenship and whether the Court had diversity jurisdiction. Docket No. 19. On August 17, 2020, plaintiff Carrie Deselms filed this lawsuit in the Philadelphia County Court of Common Pleas in Pennsylvania. Docket No. at 2. On September 4, 2020, defendants removed the action to the United States District Court for the Eastern District of Pennsylvania. On stipulation of the parties, that court transferred the matter to the District of Colorado on September 15, 2020 pursuant to 28 U.S.C. § 1404(a), predicated on plaintiff's residence in Colorado

and based on the "convenience of the parties and witnesses." Docket Nos. 13 and 13-1 at 2.

In response to the order to show cause, defendants state that plaintiff has moved to southern Ohio. Docket No. 29 at 3. The parties request, therefore, that this Court either transfer the matter to the United States District Court for the Southern District of Ohio or return it to the Eastern District of Pennsylvania, *id.*, and have filed a Stipulation to Transfer Venue [Docket No. 29-1].

Section 1404(a) of Title 28 provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The parties have consented to the transfer of this matter to the Southern District of Ohio. Docket No. 29-1 at 3. Plaintiff no longer resides in Colorado, and the facts presented by defendants show that no one with any connection to the facts at issue has ties to Colorado. *Id*. at 2–3. By contrast, it would be convenient to the parties and witnesses to litigate this case where the plaintiff resides, namely, the Southern District of Ohio. *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." (internal quotation mark omitted)). The Court will order this case transferred to the Southern District of Ohio.

For the foregoing reasons, it is

**ORDERED** that, pursuant to 18 U.S.C. § 1404(a), this case is transferred to the United States District Court for the Southern District of Ohio.

DATED November 16, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge